UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00028-TBR

MICHAEL DAVIS                                                                      PLAINTIFF

v.

MARTINREA HOPKINSVILLE, LLC                                          DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Plaintiff Michael Davis's motion to set aside this Court's prior Order of Dismissal and for leave to amend his complaint. [DN 16.] Defendant Martinrea Hopkinsville, LLC does not object. [DN 17.] For the following reasons, Davis's motion [DN 16] is GRANTED.

Michael Davis alleges he was unlawfully terminated from his employment at Martinrea on account of his age. *See* [DN 1.] He filed this action in February 2015, represented at that time by attorney Andy Allman. [DN 16-3 at 1.] On Davis's behalf, Allman filed a joint stipulation of dismissal in May of that same year. [DN 13.] Accordingly, the Court dismissed Davis's claims without prejudice on May 22, 2015. [DN 15.]

In his present motion, Davis contends Allman dismissed his claims without Davis's knowledge or permission. Specifically, he alleges that throughout 2015 and 2016, Allman intermittently assured him that his case was progressing, and would likely be settled by the end of 2016. *See* [DN 16-3 at 2-3.] According to Davis, he did not learn that his claims had been dismissed until February 2017, when he received a letter stating Allman had been suspended from the practice of law. [*Id.*

at 3.] Davis says he did not agree to settle his case against Martinrea, nor did he ever receive the proceeds of a settlement. [*Id.* at 4.] For its part, Martinrea claims that in May 2015, Allman emailed Martinrea's counsel and proposed that Davis dismiss his claims without prejudice. It says no settlement agreement was ever reached, and no money changed hands. [DN 17 at 2.]

Davis now moves for relief from the Court's prior judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] Pursuant to that rule, "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)-(b)(6). "Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances and must be made within a reasonable time." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005); Fed. R. Civ. P. 60(c)(1)) (cleaned up). In determining whether to afford relief, courts must "balance numerous factors, including the competing policy of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)). Additionally, "a Rule 60(b)(6) movant must also satisfy three equitable factors required for Rule 55 relief: (1) lack of prejudice to the plaintiff; (2) a meritorious defense; and (3) whether the defendant's culpable conduct led to the judgment." *Cars of Shelbyville, Inc. v. First*

---

[1] The other subsections of Rule 60(b) are inapplicable. The Court entered its judgment more than a year prior to Davis's motion, eliminating subsections (1), (2), and (3). Fed. R. Civ. P. 60(c)(1). Subsections (4) and (5) do not apply because the Court's judgment is not void, nor has it been satisfied, released, or discharged. Fed. R. Civ. P. 60(b)(4)-(5).

2

*1 Fin. Corp.*, No. 3:12-054-DCR, 2015 WL 6556217, at *3 (E.D. Ky. Oct. 29, 2015) (quoting *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010)).[2]

The Sixth Circuit has previously granted Rule 60(b)(6) relief on the basis of attorney misconduct. For instance, in *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Associates, Inc.*, the court held relief was warranted when the defendants alleged their attorney was "grossly negligent as well as being a thief" and "continuously lied to them about the status of the case." 173 F.3d 857, 1999 WL 98590, at *4 (6th Cir. Jan. 26, 1999) (unpublished table decision). Further, the court found no "evidence that defendants were derelict in defending the underlying action." *Id.* Here, if Davis's allegations regarding Allman's conduct prove true, his case would seem to be on all fours with the *Valvoline* case. Allman's actions, as alleged by Davis, are the sort of "exceptional or extraordinary circumstances" entitling Davis to Rule 60(b)(6) relief. *Id.*

On balance of the remaining applicable factors, the Court believes the equities weigh in Davis's favor. First, Martinrea does not claim that it will be prejudiced if the case is reopened. Second, although the Court possesses only minimal information regarding the merits of Davis's case, it is worth noting that Martinrea initially filed an answer, rather than a motion to dismiss. Lastly,

---

[2] Of course, Rule 55 applies to the setting aside of a default judgment against a defendant. The posture of this case is somewhat different, as it is the plaintiff who seeks relief from a prior judgment. The Court sees no reason, however, why these three factors cannot be applied in a similar manner to the case at bar.

3

Davis's conduct did not lead to the entry of the prior judgment, and Allman's actions are not attributable to Davis in this manner. *Id.* at 5.

In light of the foregoing, and keeping in mind Martinrea does not object, the Court believes Davis is entitled to relief from the prior judgment entered in this case under Rule 60(b)(6).

Davis also seeks to amend his complaint and add Allman as a named defendant in this action. Rule 15 directs that "courts should freely give leave" to amend complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, "in the post-judgment context, [courts] must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

Here, Davis has shown good cause why the Court should grant him leave to add a legal malpractice claim against Allman. According to Davis, Allman concealed the dismissal of this case from him for over a year. Since discovering his potential cause of action, Davis has not engaged in undue delay. And once again, Martinrae does not aver that it will suffer any unfair prejudice if the Court allows Davis to assert his legal malpractice claim. As for Allman, the Court does not believe he will be unfairly prejudiced by defending Davis's claim against him on its merits.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED:

Plaintiff Michael Davis's motion [DN 16] is GRANTED. The Court's prior judgments in this matter [DN 14; DN 15] are VACATED. The Clerk is directed to REOPEN this case and FILE Davis's proposed amended complaint [DN 16-2] as of the date of this Order.

CC: Counsel of Record